BOYD, Justice.
Petitioners in these consolidated cases seek to have this Court review orders of Florida Public Service Commission numbered 8106, 8215, 8246 and 8278.
*840 Sunshine Mobile Home Movers, Inc., and Frank Joseph Marrone, d/b/a Frank’s Trailer Transport, made application for extension of their respective certificates of public convenience and necessity. Sunshine sought authorization to transport mobile homes and related commodities from, to and between all points in Florida. Frank’s sought authorization to transport mobile homes by the tow-away or haul-away method between points in Leon, Gadsden, Wakulla, Jefferson, Taylor and Franklin Counties, on the one hand, and all other points in Florida, excluding Monroe County.
Petitioners appeared in the proceeding to contest the granting of the requested extensions.
The Commission granted in part and denied in part Sunshine’s application (Order #8106) and Frank’s application (Order #8246). Petitions for Reconsideration were denied (Orders numbered 8215 and 8278).
Before and during the proceedings below, the Commission was conducting a formal investigation of the mobile home moving industry for the purpose of defining its jurisdiction in the area. The investigation terminated by the issuance on July 1, 1968, of Order No. 8010, which provides in part as follows:
“ORDERED by the Florida Public Service Commission as follows:
“1. That the Commission’s jurisdiction of a certificated carrier of mobile homes for the purpose of regulating transportation commences with the unblocking of the mobile home at origin and ceases with the blocking of the mobile home at destination ;
“2. That accessorial services arising prior to unblocking and subsequent to blocking are not to be considered as a part of the transportation services and the public need for such accessorial services or the inadequacy of existing accessorial services shall not be considered as evidence in granting additional certificates of convenience and necessity or in geographically expanding or restricting existing certificates; ”
This Order was not appealed and became final on September 1,1968.
The Commission’s Order No. 8106 entered September 26, 1968, provided, inter alia, that:
“The commission has determined that Order No. 8010 shall operate prospectively only, that is, to applications filed subsequent to July 1, 1968. * * * ”
Petitioners contend that evidence relating to accessorial services provided by applicants Sunshine and Frank’s, which was heard by the Commission prior to the issuance of Order No. 8010 on July 1, 1968, should not be considered in ruling on these applications after July 1, 1968. We find this contention to be without merit.
We have considered the record and briefs and have heard oral argument. It is clear that the Order of the Commission is supported by competent, substantial evidence, and we find no deviation from the essential requirements of the law. Certiorari is therefore denied.
It is so ordered.
ERVIN, C. J., and THORNAL, CARLTON and ADKINS, JJ., concur.